UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KASONDRIA HADLEY, | ] | |
| EDGIL EUGENE KIMBLER, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-00638-S |
| | ] | |
| JULIE ANN MARKS, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration motions to dismiss filed by the following defendants: Paula Brown (Doc. 23); Bob Riley (Docs. 26, 57); Troy King (Docs. 27, 55); Judge Vincent J. Schilleci, Jr., and Judge Phillip Bahakel (improperly named in the Amended Complaint as "Phillip Bahackle") (Doc. 28); Alicia Hoffman (Doc. 29); Page Walley (Doc. 25); Jacqueline Davison (Doc. 38); Francine Donald (Doc. 39); Barbara Givens (Doc. 40); Kenneth D. Gowens (Doc. 41); Tracy Gray Eubanks (Doc. 42); John Huthnance (Doc. 43); Caro Shanahan (Doc. 44); Monica Whitsey (Doc. 45); Bridgette Foster (Doc.

49); Brenda Abott, Jeffrey McGee, and Larry Hooks (Doc. 46); Byron and Shirley Hardie (Doc. 61); and the Legal Aid Society of Birmingham, Martha Jane Patton, and Julie Marks (Doc. 78).[1]  Pro se plaintiffs Kasondria Hadley and Edgil Eugene Kimbler filed this cause of action on March 31, 2006, on behalf of themselves and their minor children, Xavier Hadley, Zachary Hadley, Madison Kimbler, Mackenzie Kimbler, and Corbin Kimbler.  (Doc. 1.) A seventy-five page amended complaint subsequently filed with this Court on April 18, 2006, makes numerous allegations against what appears to total thirty-nine defendants related to child custody proceedings in Alabama courts and events surrounding and following those proceedings.  (Doc. 4.) The motions to dismiss named above have been briefed by both parties and are ripe for decision.  Upon full consideration of the arguments submitted, it is the opinion of this Court that the motion to dismiss filed by Brenda

---

[1]In response to these defendants' motions to dismiss, Plaintiffs have filed responses generally titled "motion to over-rule or strike" or "motion to strike and/or deny" the motions to dismiss.  (Docs. 63, 64, 66, 67, 68, 69, 70, 76, 82.)  These motions to strike will be denied, but Plaintiffs' arguments were treated by this Court as response submissions in opposition to the defendants' motions to dismiss.  Defendant Alisa Hoffman's motion to strike Plaintiffs' response to her motion to dismiss as untimely (Doc. 71) will also be denied.  Plaintiffs' motion to consider references to Ms. Brown in her response to Alisa Hoffman's motion to dismiss as a misnomer (Doc. 84) is granted.

Abbott and Jeffrey McGee will be granted in part and denied in part; the remaining defendants' motions to dismiss will be granted in all respects.

II.     Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Moreover, a court must be particularly liberal in interpreting the "inartful pleading" of a pro se plaintiff. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.   Analysis.

   A.   Evidentiary Submissions.

As a preliminary matter, the Court notes that a number of defendants have filed evidentiary submissions to support their arguments for dismissal. In response, Plaintiffs have attached several notes and letters to their arguments in opposition to dismissal.

At the motion to dismiss stage of proceedings, a district court generally "limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).   However, a "federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside the pleadings may be considered as part of that determination." *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Therefore, Plaintiffs' motion to strike evidentiary materials (Doc. 83), Plaintiffs' motion to strike Alisa Hoffman's affidavit (Doc. 89), Plaintiffs' motion to strike Martha Jane Patton's affidavit (Doc. 96), and Alisa Hoffman's motion to strike plaintiff Kasondria Hadley's affidavit (Doc. 90) will be denied. The evidence submitted by Defendants and Plaintiffs will be considered to the extent it is relevant to the Court's decision whether it has subject matter jurisdiction of this cause. However, Defendant Alisa Hoffman's motion to file medical records under seal as exhibits to her affidavit (Doc. 93) is denied. The medical records are referenced as evidence that disputes the merits of Plaintiffs' allegations in their Amended Complaint. They do not appear to be helpful to the Court's determination on subject matter jurisdiction and are not proper for consideration at this stage of proceedings.

B.    Claims of Minor Children.

Plaintiffs Kasondria Hadley ("Ms. Hadley") and Edgil Kimbler ("Mr. Kimbler") brought this action pro se on behalf of both themselves and their minor children, Xavier Hadley, Zachary Hadley, Madison Kimbler, Mackenzie Kimbler, and Corbin Kimbler. Defendants Martha Jane Patton, Julie Marks,

and the Legal Aid Society of Birmingham challenge the parents' right to represent their children's claims on a pro se basis (Doc. 78 at 3-4), and the Court agrees that those portions of the Amended Complaint that deal with the children's claims are due to be dismissed as improper at this time.

The Eleventh Circuit Court of Appeals has held that "neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c) . . . permits a parent to represent his/her child in federal court." *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *see also, e.g., Osei-Afriyie v. Medical College of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Fed. R. Civ. P. 17(c) "permits authorized representatives to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." *Devine*, 121 F.3d at 581.

In her response submission, Kasondria Hadley does not dispute the law cited by defendants Martha Jane Patton, Julie Marks, and the Legal Aid Society of Birmingham. (Doc. 82 § 4.) Rather, she defends herself as a suitable representative because she "fought strenuously for her children's

rights and well[-]being." (*Id.*)  This Court does not doubt that Ms. Hadley cares for her children.  The Court also takes all of the allegations of abuse made by Plaintiffs in their amended complaint very seriously.  "It goes without saying[, however,] that it is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriyie*, 937 F.2d at 883.  If the Court were to allow Ms. Hadley and Mr. Kimbler to represent the legal interests of their children pro se, any mistakes they make due to lack of legal training and/or skill would be binding, and perhaps fatal, to their children's claims.  This Court, therefore, will dismiss without prejudice the claims of minor plaintiffs Xavier Hadley, Zachary Hadley, Madison Kimbler, MacKenzie Kimbler, and Corbin Kimbler.

C.    Claims Not Listed in Counts.

The Court now turns to address the claims of Ms. Hadley and Mr. Kimbler.[2]  Unfortunately, it is not entirely clear to this Court how many, or

---

[2]From this point forward, the Court's reference to "Plaintiffs" in this memorandum of opinion includes only Kasondria Hadley and Edgil Kimbler.

exactly what kind of, claims Plaintiffs allege in their amended complaint.

Under "Jurisdiction and Venue II," Plaintiffs state that their action "arises under" the following laws: "the Constitution of the United States, particularly the First, Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. 1985 and 1985." (Doc. 4 at 3 ¶ 1.)  The Court assumes that Plaintiffs intended to write "Title 42 U.S.C. 198<u>3</u> and 1985," as these two statutes were both listed in Plaintiffs' original complaint. (Doc. 1.)  Plaintiffs also list "Title 18, U.S.C. Section 242"; Title 18, U.S.C. Section 241"; "The Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C.[] Section[s] 1961-68 (1998)"; and "The Child Abuse and Neglect Accountability Act of 1993, 42 U.S.C.[] Section [5]107(b), 5106(b)(1) [a]s amended."[3]  (Doc. 4 at 3-4 ¶¶ 2-5.)

However, under "Count I Violation of Civil Rights Official Capacities" and "Count II Violation of Civil Rights in the Individual Capacity," Plaintiffs

_____

[3]On June 28, 2006, this Court dismissed without prejudice Plaintiffs' claims under 18 U.S.C. §§ 241-42, and 42 U.S.C. §§ 5106(b)(1) & [5]107(b) for failure to allege a federal civil cause of action on which relief could be granted.  (Doc. 10.)

only reference their "due process rights" under the "5th and 14th Amendments."  In Count III, Plaintiffs ask the Court to declare Alabama Code § 12-15-1.1, *et seq.*, and Alabama Code § 12-15-65 as "unconstitutionally vague."   Finally, Count IV is titled, "Intentional Interference With Parental Rights State Claim."  (Doc. 4.)

"Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief."  *Washington v. Bauer*, 149 Fed. Appx. 867, 869 (11th Cir. 2005).  "Further, Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . and each claim found upon a separate transaction or occurrence . . . shall be stated in a *separate count*.'"  *Id.* (quoting Fed. R. Civ. P. 10(b)) (emphasis added).  While courts "do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," "this leniency does not give a court license to serve as *defacto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."   *GJR Invs., Inc. v. County of*

*Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations

omitted).  Even pro se complaints "must comply with the procedural rules

governing the proper form of pleadings."  *Bauer*, Fed. Appx. at 869 (citing

*McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiffs' failure to comply with Fed. R. Civ. P. 10(b) in particular

makes it very difficult for this Court to determine exactly what authority is

being relied upon in this action, which defendants are being sued under

which laws, and which facts support each of Plaintiffs' claims.  Citing

statutes or amendments to the Constitution in the initial portion of a

complaint is not sufficient to state a claim upon which relief can be granted.

Moreover, it is worth noting that in every response but one, Plaintiffs

referenced only constitutional rights to "due process" and "equal

protection."[4]  Therefore, to the extent Plaintiffs seek to pursue claims that

---

[4]Yet, there is no mention of "equal protection" under Plaintiffs' two "civil rights" counts. While Plaintiffs may now contend they have made such a claim, it has been improperly pled. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998).  "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'" *Ross v. State of Alabama*, 15 F. Supp. 2d 1173, 1188 (M.D. Ala. 1998) (quoting *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir. 1989)).  "Thus, to establish an equal protection claim, a plaintiff must initially show that he or she was treated differently from other individuals similarly situated." *Id.* (citing *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985)).  Nowhere in the amended complaint do Ms. Hadley or Mr. Kimbler allege that any named defendant

have not been set forth in separate counts of their complaint—specifically,

claims under the First, Fourth, Seventh, Ninth, and Thirteenth[5] Amendments

to the U.S. Constitution; 18 U.S.C. §§ 1961-1968; and 42 U.S.C. § 1985—they

are due to be dismissed without prejudice for failure to state a claim.

     D.   *Rooker-Feldman* Doctrine.

Defendants have moved to dismiss Plaintiffs' claims as barred by the

*Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine places limits on

the subject matter jurisdiction of federal district courts and courts of appeal

over certain matters related to previous state court litigation." *Goodman*

*v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).  The Eleventh Circuit Court

of Appeals describes the doctrine in the following manner:

> The Rooker-Feldman doctrine provides that federal
> courts, other than the United States Supreme Court,
> have no authority to review the final judgments of
> state courts.   The doctrine extends not only to
> constitutional claims presented or adjudicated by a

---

treated them differently compared to other similarly situated individuals.  Therefore, even if an equal protection claim had been properly raised in Plaintiffs' civil rights counts, it would be due to be dismissed.

    [5]While the Thirteenth Amendment is not listed in Plaintiffs' Amended Complaint, the Court acknowledges this purported claim, which was named in Plaintiffs' original complaint, out of an abundance of caution and in the spirit of leniency toward Plaintiffs' pro se filings.  *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984).

> state court, but also to claims that are "inextricably
> intertwined" with a state court judgment.  A federal
> claim is inextricably intertwined with a state court
> judgment if the federal claim succeeds only to the
> extent that the state court wrongly decided the
> issues before it. . . . However, even if a claim is
> "inextricably intertwined" with the state court's
> judgment, the doctrine does not apply if the
> plaintiff had no reasonable opportunity to raise his
> federal claim in state proceedings.

*Id.* (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)

(citations and quotations omitted), and *Powell v. Powell*, 80 F.3d 464, 467

(11th Cir. 1996)).   Additionally, the Eleventh Circuit has held that the

"*Rooker-Feldman* doctrine is broad enough to bar all federal claims which

were, or should have been, central to the state court decision, even if those

claims seek a form of relief that might not have been available from the

state court."  *Id.* at 1333.  Therefore, claims for damages, in addition to or

instead of injunctive relief, are included.  *See id.*

In *Goodman*, the Eleventh Circuit concluded that the *Rooker-Feldman*

doctrine applied to a mother and child plaintiffs' claims that a defendant's

false affidavit and state court's ex parte proceedings to remove the child

from the parent's custody violated their due process rights.  *Id.* at 1334.

The appellate court concluded that the plaintiffs' claim "'succeeds only to the extent that the state court wrongly decided' the custody issue." *Id*. (quoting *Siegel*, 234 F.3d at 1172). Therefore, the claim was "barred if the plaintiffs had a reasonable opportunity to present it in the state court proceeding." *Id*.

Similarly, the *Goodman* court applied the *Rooker-Feldman* doctrine to the same plaintiffs' claim that the child's due process rights were violated when a caseworker threatened to have a family friend (who had been awarded custody of the child) arrested if he did not return the child to the state department of family and children services. *Id*. The appellate court noted that plaintiffs' claim was "'inextricably intertwined' with the state court orders and judgment, because the factual and legal predicate for it was the basis of a motion the plaintiffs filed to have [the child] returned to [the family friend's] custody. The state court held a hearing on that motion and denied it. For the plaintiffs to succeed on this claim a federal court would have to conclude that the state court erred." *Id*.

Plaintiffs' 179 factual allegations make numerous assertions of wrongdoing by Defendants, but it is not at all clear whether and how each

allegation supports the legal claims made in the four counts of Plaintiffs' Amended Complaint.  Plaintiffs' allegations include the following: certain defendants wrongfully submitted false affidavits, petitions, or information in order to obtain state court orders (¶¶ 2-12, 16-18, 26-42; 101-102, 145); Juvenile Court District Judge Phillip Bahakel wrongfully issued an arrest warrant for Plaintiff Kasondria Hadley for interference with custody (¶¶ 13-15); Alabama Department of Human Resources ("DHR") employees violated a court order by not returning Plaintiffs' children to their mother's custody (¶¶ 21-25); Judge Bahakel denied Mr. Kimbler's petition to intervene (¶¶ 43-45); Judge Bahakel wrongfully removed the children from the custody of Plaintiffs (¶¶ 46-49); in the course of proceedings, Judge Bahakel had ex parte conversations with counsel, allowed opposing counsel to make additional arguments, refused to hear Plaintiffs' arguments, and wrongfully joined parties with no standing or relation (¶¶ 50-55, 72-75, 78); Plaintiffs were denied visitation with their children (¶¶ 56, 86); Defendants found Plaintiffs guilty of child abuse and neglect (¶ 85); Judge Schilleci wrongfully ordered Plaintiffs' children to counseling (¶¶ 88-89); Judge Schilleci wrongfully denied Plaintiff Hadley's attorney's motion to withdraw and

wrongfully denied Plaintiffs' motions (¶¶ 96-100, 120); Circuit Court Judge Sandra Storm refused to allow a CASA worker to work with Plaintiffs and their children (¶ 106); Martha Jane Patton, Julie Marks, and Legal Aid Society of Birmingham wrongfully acted as guardians ad litem for Plaintiffs' children and thereby appealed Judge Schilleci's decision granting Plaintiffs' motion to dismiss and collected fees for their representation[6] (¶¶ 109-116); on remand, Judge Schilleci scheduled a jurisdictional hearing eighteen months after the proceedings initially commenced (¶ 119); Judge Schilleci refused Plaintiffs' request to employ counsel for their children and wrongfully allowed Martha Jane Patton, Julie Marks, and the Legal Aid Society to continue as guardians ad litem (¶¶ 121-124); Judge Schilleci disallowed Plaintiffs' evidence but allowed opposing counsel's evidence (¶ 125); Judge Schilleci wrongfully determined that he had jurisdiction of Plaintiffs' case (¶¶ 126-128); Judge Schilleci wrongfully issued orders while the case was on appeal (¶¶ 129-131); and Judge Shilleci communicated with an Illinois judge about the case (¶¶ 132-135).

---

[6]Evidence in the record shows the Alabama Court of Civil Appeals issued an opinion on appeal remanding the case, which indicates that the court concluded that appellate procedure—including representation by the guardians ad litem—was proper.

Plaintiffs' Amended Complaint appears to claim that these actions infringed upon their constitutional due process rights and violated Alabama state tort law by interfering with their parental custody.  In Count III, Plaintiffs also ask the Court to declare provisions of the Alabama Juvenile Justice Act to be unconstitutional "as applied" because the state court's interpretation of the words "any other cause" in § 12-15-1, and the state court's choice to follow § 12-15-65b instead of first hearing evidence on a petition pursuant to § 12-15-65d, allegedly violated Plaintiffs' due process and equal protection rights under the Fourteenth Amendment.  Like the plaintiffs' claims in *Goodman*, however, all of these claims succeed in this Court only by "calling into doubt the state court[s'] decision[s]."  *Id.* at 1334.  The alleged wrongful actions include final state court judgments—or matters that would have been considered and accepted or rejected by the state court judges in making their decisions.  *See also Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865 (11th Cir. 2006) (holding that constitutional and state tort law challenges in federal court were "inextricably intertwined" with state court judgments).

The question, then, is whether the plaintiffs had a "reasonable opportunity to present their . . . claims during the state juvenile court [or appellate] proceedings?" *Goodman*, 259 F.3d at 1334. Based on the factual assertions in Plaintiffs' Amended Complaint, Plaintiffs' arguments in their responses to Defendants' motions to dismiss, and the evidence in the record, the answer is yes. While Plaintiffs allege that Mr. Kimbler initially was denied the opportunity to intervene in the state court proceeding, the appellate court decision attached as Exhibit A to several Defendants' answers in this cause, shows that he did join Ms. Hadley as a party during the course of the litigation. Plaintiffs' factual assertions and arguments reflect that they participated in state court proceedings and presented numerous arguments and objections to the state court judges for consideration. Because Plaintiffs had a reasonable opportunity to raise their challenges to the legal propriety of the actions listed above during the course of state court proceedings, and the evidence shows that they did in fact raise such challenges, this Court does not have the jurisdiction to address these claims. *See id*.

E.      Remaining Allegations.

While the majority of Plaintiffs' claims fall under the auspices of the *Rooker-Feldman* doctrine, there are several allegations that the Court omitted from its discussion above because they were not decisions made by state court judges, and it appears that the consideration of those acts or instances by this Court would not "cast doubt" on the state courts' decisions.   These allegations include Plaintiffs' claims that: certain defendants failed to ensure that their children had proper medical care and benefitted from appropriate hygiene while in state custody (¶¶ 57-62, 64); certain defendants did not report physical/mental abuse of the children or take action to prevent the abuse (¶¶ 63, 65-69, 84); defendant foster parents physically/mentally abused Plaintiffs' children or allowed the children to be abused while in their custody (¶¶ 80-83); Defendants did not ensure that Plaintiffs' children were enrolled in school in June 2004 (¶¶ 70-71); Jeffrey McGee, Family Court Administrator, removed/lost/concealed/destroyed Plaintiffs' notices of appeal (¶¶ 135, 141, 143, 145); and Brenda Abbott, Family Court Clerk Registrar, failed to

process Plaintiffs' notices of appeal and negligently permitted Mr. McGee to remove/lose/conceal/destroy the notices (¶¶ 134, 137-138, 142, 145).

Plaintiffs' abuse and non-education assertions, however, involve alleged injuries to their minor children and the children's alleged deprivation of rights.  As such, the claims belong to the children—not the parents.  "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition of a litigant's raising another person's legal rights."  *Bethel v. City of Loxley*, 2005 WL 1026695 at * 3 (S.D. Ala. Apr. 21, 2005) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).  This Court has dismissed without prejudice Plaintiffs' children's claims in this matter.  To the extent Plaintiffs seek damages for themselves based on injuries to their children, their claims are due to be dismissed.  *See id*.

This Court is left, then, with Plaintiffs' allegations against Brenda Abbott and Jeffrey McGee.  Construing the Amended Complaint liberally, the Court assumes that Plaintiffs are claiming that these two defendants violated their constitutional right to due process in their official and individual capacities, as stated in Counts I and II, and that the facts

pertaining to these particular defendants do not relate to Counts III and IV. This interpretation is confirmed by Plaintiffs' response to Abbott and McGee's motion to dismiss, which makes no mention of Plaintiffs' declaratory judgment or state law claims.  (Doc. 66.)

While Plaintiffs allege that their due process rights under both the Fifth and Fourteenth Amendments of the United States Constitution have been violated, "[i]t is well settled that the Due Process Clause of the Fifth Amendment does not bind state governments.  Rather, it is applicable only to the federal government." *Love v. Davis*, 14 F. Supp. 2d 1273, 1276 n.1 (N.D. Ala. 1998) (citing *Buxton v. City of Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989)).  Neither Ms. Abbott nor Mr. McGee are an agent of the United States.[7]  Therefore, "any and all . . . claims brought pursuant to the Fifth Amendment are due to be dismissed."  *Id*.  The Court turns to Plaintiffs' Fourteenth Amendment claims.

Plaintiffs have alleged that Ms. Abbott, as Registrar of the Jefferson County Family Court, "negligently" failed to process Ms. Hadley's notice of

---

[7]In fact, no named defendant in this action is the United States or an agent of the United States.

appeal (¶¶ 137-38) and allowed/permitted Mr. McGee to remove Plaintiffs'

notices of appeal through her "dereliction of duties" (¶ 142).  Section 1983

liability "requires more than negligence."[8]  *Anderson v. Georgia State*

*Pardons & Parole Bd.*, 165 Fed. Appx. 726, 729 (11th Cir. 2006) (citing

*Daniels v. Williams*, 474 U.S. 327, 330-33 (1986)).  Therefore, these claims

against Ms. Abbott in both her official and individual capacity are due to be

dismissed for failure to state a claim.  Plaintiffs' Amended Complaint,

however, also states that Ms. Abbott did not process Mr. Kimbler's notice of

appeal. (¶ 146.)  There is no mention of negligence.  The Court will address

this allegation with the claims made against Mr. McGee below.

Plaintiffs contend that Mr. McGee, as Family Court Administrator in

Jefferson County, confiscated, concealed, removed, lost, and/or destroyed

Plaintiffs' notices of appeal.  (¶¶ 134-35, 141-45.)  They maintain that this

---

[8]While Plaintiffs make sweeping allegations in their complaint that all acts were done with "malicious intent," the specific facts addressing Ms. Abbott's alleged negligence and dereliction of duties do not contain the wording described in *Hyland v. Kolhage*, 158 Fed. Appx. 194, 196 (11th Cir. 2005), which the Eleventh Circuit Court of Appeals decided amounted to an allegation that the defendant was acting with deliberate indifference:  "Even though Hyland's complaint stated Thurston 'negligently' added the Keys to Recovery notation, he also claimed her actions were not 'just an oversight or a failure to maintain records, but deliberate, affirmative, operational action, void of judgment or discretion . . . by private agenda." *Id*.

was done maliciously.  (¶ 154.)  While Mr. McGee and Ms. Abbott argue that they have judicial immunity as officers of the court for discretionary judicial acts, they concede that this immunity does not extend to administrative acts.  (Doc. 53 at 3.)  Removing, concealing, destroying, or failing to process a document filed by a party to a case is not the kind of "exercise of judgment and discretion" envisioned by the state court in creating the immunity doctrine—and it does not appear, based on the limited facts available to the Court at this time, that the actions alleged in this case involve such an exercise of judgment.  *See id.*

It is the law of this circuit that court employees "performing routine duties such as entering an order [unless the conduct is ordered by a judge] . . . [do] not enjoy an absolute immunity from damages actions for injuries caused by that conduct."  *Williams v. Wood*, 612 F.2d 982, 984 (5th Cir. 1980), *cited in Roland v. E.W. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994). The same rationale should therefore apply to entering (or, as alleged here, not entering) a notice of appeal filed by a party; the court employee would enjoy "qualified but not absolute immunity."  *Id*. at 985.  Plaintiffs' allegations of bad faith and malice (¶¶ 1, 154), if true, however, overcome

Ms. Abbott's and Mr. McGee's qualified immunity regarding claims of failure to process and destroying/removing a notice of appeal. *See id.* at 985-86; *Hyland v. Kolhage*, 158 Fed. Appx. 194, 196 (11th Cir. 2005). Therefore, these claims against Ms. Abbott and Mr. McGee in their individual capacities will not be dismissed at this time.

Of course, Plaintiffs' claims for damages against these individuals in their official capacities will be dismissed, but the official capacity claims for injunctive relief remain. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

F.      Unserved Defendants and Default Judgment Defendants.

Taking all of Plaintiffs' allegations in their Amended Complaint as true, only Plaintiffs' § 1983 claims against Ms. Abbott and Mr. McGee for the alleged destruction, removal, and/or failure to process Plaintiffs' notices of appeal remain. Plaintiffs have moved twice for default judgment against defendants Bill Gallops, Judy Gallops, and Valera Elders. (Docs. 85, 95.) Based on the rationale set forth in this Opinion, however, the claims against these defendants are either (1) claims over which this Court does not have

subject-matter jurisdiction; (2) Plaintiffs' children's claims, which have been dismissed without prejudice; or (3) allegations that are being dismissed without prejudice for failure to state a claim. Therefore, Plaintiffs' motions for default judgment will be denied.

Similarly, all defendants that have not yet been served in this matter are entitled to dismissal. At this time, it appears that the Alabama Department of Human Resources, Bill Dukes, Sandra Ross Storm, Charity Rose, Renee Garrett, Martha Smith, and Anthony Underwood have not been properly served. They, too, will be dismissed from this action as stated in the Order accompanying this Opinion.

IV.    Conclusion.

For the reasons stated above, the motion to dismiss filed by Brenda Abbott and Jeffrey McGee will be granted in part and denied in part, and the remaining defendants' motions to dismiss will be granted in all respects. All unserved defendants, as well as Bill Gallops, Judy Gallops, and Valera Elders, will also be dismissed from this cause. A separate order will be entered.

Done this 22nd day of March 2007.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153